IN THE UNITED STATES DISTRICT COURT
FOR THE  SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ANSON J. MATTHEWS,

        Petitioner,      :      Case No. 3:16-cv-381

 - vs -                                  District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

RHONDA RICHARD, WARDEN,
 Madison Correctional Institution,

                                         :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases.  That Rule provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Matthews seeks relief from his conviction for possession of cocaine at the felony 1 level in the Miami County Common Pleas Court (Petition, ECF No. 1, PageID 1).  Based on his incarcerated status, Matthews is granted leave to proceed *in forma pauperis*.

Petitioner pleads the following grounds for relief:

    **Ground One:**  Ineffective Assistance of Counsel

    **Supporting Facts:**  Trial counsel did not raise an issue of the reliability, training, or qualifications of the dog or its handler. Trial counsel did not raise the questions of the weight of the cocaine purities minus the fillers.  During testimony Officer Soutar stated had I been my trial counsel he would have given me a warning & sent me on my way.  That issue & his lack of sensitivity

1

training with people that aren't white [should have been something] [should have done something][1]. The fact that in open court he outright testified to his prejudices should have been enough for trial counsel to at the very least question is personal bias?  Appellate counsel did not defend me in the Miami County Common Pleas Court,[2] but by bringing up the issue of the qualifications, training, or reliability of the dog or the handler, knew that trial counsel had been ineffective for failing to bring up these issues.

**Ground Two:**  An investigative stop which lasts longer than is necessary to effectuate the purpose for which the initial stop was made is constitutionally impermissible.

**Supporting Facts:**  Officer Soutar testified that Matthews was going to be detained for the K-9 unit regardless of whether the vehicle was stolen.  He also testified that had my trial attorney been in the same situation, he would either be given a ticket or a warning.  Had Officer Soutar truelly [sic] been investigating the ownership of the vehicle he might have found out about the title or ownership by the time of the hearing. The court is the only thing in this system of law that separates the prosecution, the state, & the police from merely policing or exercising there [sic] authority how they see fit & framing up the law however they deem is lawful.  A traffic stop which should have been 10 minutes with a ticket or a warning, by Officer Soutar's testimony, turned into a 33 minute stop all because the officer has a prejudice of blacks or prior convicted felons.

**Ground Three:**  Probable cause must exist to permissibly search a vehicle which is contingent upon or absent [sic] of evidence the K-9 dog was properly trained or certified to establish the drug dog's reliability.

**Supporting Facts:**  Even without request from the Defendant, either intentional or negligent suppression by the prosecution of substantial material evidence favorable to the accused denies the accused of [sic] a fair hearing & requires a reversal or acquittal.  The State provided no evidence whatsoever as to the subject dogs training, provided no evidence whatsoever of the dog's certification or reliability.  Probable cause did not exist.

**Ground Four:**  Unlawful arrest and incarceration.

---

[1] The Petition form is supplemented by additional pages which track particular items on the form (ECF No. 1, PageID 16-17).  Sometimes the transition is unclear to the Court.
[2] Trial counsel was John Hemm and appellate counsel was Jeffrey R. McQuiston  (Petition, ECF No. 1, PageID 14).

> **Supporting Facts:** The vehicle was pulled over for a traffic violation which neither I nor the driver received a citation for. The officer through his testimony during motion to suppress all but admitted racially profiling myself (Matthews) & the driver by admittingly [sic] saying that had I been my trial attoney, he would have given me a warning or citation & have sent me on my way. His complete and apparent prejudices are so blatantly shown that I'm shocked that this issue wasn't brought up during the suppression hearing or any other state remedies before now.

(Petition, ECF No. 1.)

**Procedural History**

Petitioner Anson Matthews was indicted by the Miami County Grand jury in April 2014 on one count of possession of cocaine in an amount greater than 27 grams but less than 100 grams, a violation of Ohio Revised Code § 2925.11(A) and (C)(4)(e). *State v. Matthews*, 2015-Ohio-1750, ¶ 4, 2015 Ohio App. LEXIS 1700 (2nd Dist. May 8, 2015).

Matthews was a passenger in a car driven by his friend, Nevada Butcher. *Id.* at ¶ 2. Tipp City Police Officer Darren Soutar stopped this vehicle because it had a license plate registered to another vehicle, giving rise to a suspicion the car might have been stolen. Matthews claimed he had recently purchased the car, but produced a title in the names of Russell Smith and Michael Cotterman which did not mention Matthews, and a telephone number for Cotterman which did not work. *Id.* On checking the identities of Matthews and Butcher, both turned out to have "prior drug histories." *Id.* at ¶ 3. Soutar then called for a drug dog who arrived about thirty-three minutes after the stop. When the dog alerted on the rear of the Cadillac, Soutar and another officer search the car and found the cocaine which formed the basis of the charge. *Id.*

3

Matthews moved to suppress the evidence against him, contending that a traffic registration stop should take about fifteen minutes and his actual stop for thirty-three was unreasonably extended.  The trial court denied the motion, concluding "the length of the detention occasioned by waiting for the drug dog was reasonable under all of the circumstances, including the diligence on the part of the veteran police officer in investigating the facts as they unfolded." (Quoted at ¶ 4.)  Matthews then pled no contest, was sentenced to the eight-year term he is now serving, and appealed to the Second District Court of Appeals.  That court affirmed the conviction.  *Id.*  The Ohio Supreme Court declined to accept jurisdiction of an appeal.  *State v. Matthews*, 2015-Ohio-3733, 2015 Ohio LEXIS 2481 (Sept. 16, 2015).  Matthews' Petition was then timely filed in this Court on August 31, 2016.[3]

## Analysis

**Grounds Two, Three, and Four:  Fourth Amendment Violations**

In his Second, Third, and Fourth Grounds for Relief, Matthews raises a number of claims as to why the evidence against him should have been suppressed:  the traffic stop was based on racial prejudice, the stop was unduly prolonged for the drug dog to arrive, and there was no proof the dog or its handler were reliable as needed to establish probable cause of the search.

---

[3] The Clerk received and docketed the Petition on September 2, 2016.  However, under the prison mailbox rule, Matthews is entitled to a filing date of the date on which he deposited the Petition in the prison mailing system. . . *Houston v. Lack*, 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

4

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell*, 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does. The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of a procedural rule prevents state court consideration of merits. *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982). The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

*Id*. at 526.

Upon examination of the Petition and the Second District's decision, the Magistrate Judge concluded habeas review of Grounds Two, Three, and Four is barred by *Stone v. Powell, supra*. Ohio provides an adequate pre-trial method of raising Fourth Amendment issues by motion to suppress. In this case that remedy was invoked and Matthews received an evidentiary hearing on the motion which included, *inter alia*, the opportunity to cross-examine Officer Soutar. Matthews received a written decision on the motion and availed himself of the

opportunity to preserve and appeal that issue by pleading no contest.  On appeal he received a thorough examination of his claims and a detailed written opinion from the Second District.  He had by Ohio law an opportunity to appeal further to the Ohio Supreme Court which he exercised, although that court declined to hear the case.[4]  Thus he received a full and fair opportunity to litigate his Fourth Amendment claims and further review in habeas is precluded by *Stone v. Powell*.

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Matthews asserts his trial attorney provided ineffective assistance of trial counsel in various respects:  not questioning the qualifications of the drug dog or its handler, not raising the issue of the weight of pure cocaine in the mixture that was seized, and not raising a racial profiling claim based on Officer Soutar's testimony.

All of these issues depend on evidence on the record on direct appeal.  Indeed, Matthews second assignment of error on direct appeal asserted "The trial court erred in overruling Appellant's Motion to Suppress in that probable cause to search the vehicle did not exist in that the State provided no evidence that the drug dog was properly trained or certified so as to establish the drug dog's reliability."  *State v. Matthews, supra,* ¶ 23.  The Second District determined this issue had not been raised properly in the motion to suppress and was therefore not properly before the court of appeals.  *Id.*  at ¶¶ 25-29.

---

[4] Matthews was one of 118 cases disposed of summarily by the Ohio Supreme Court on the same day.  In this Court's experience, that it not uncommon.

If it was ineffective assistance of trial counsel to fail to raise the qualifications issue in the trial court, then that failure was apparent on the record and Matthews could have, but did not, raise a claim of ineffective assistance of trial counsel on direct appeal.  Under Ohio law, the failure to raise an ineffective assistance of trial counsel claim on direct appeal when it is based on the appeal record constitutes a procedural default of that claim so as to bar it from further consideration by the Ohio courts and then also by the federal habeas court under the Ohio criminal res judicata  doctrine.

Ohio's doctrine of res judicata in criminal cases, enunciated in *State v. Perry*, 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground.  *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Matthews at least suggests in the Petition that Attorney McQuiston, by omitting this claim on direct appeal, provided ineffective assistance of appellate counsel (Petition, ECF No. 1, PageID 5).  While ineffective assistance of appellate counsel can excuse a procedural default of an issue which should have been raised on direct appeal, before it can do so, the claim of ineffective assistance of appellate counsel must first be raised in the state courts.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).  The only method for raising such a claim in Ohio is by an application for reopening of the direct appeal.  *State v. Murnahan*, 63 Ohio St. 3d 60 (1992).  The Petition does not suggest Matthews has ever filed an application to reopen the direct appeal and the time for doing so has long since expired.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 14, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).