# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANSON J. MATTHEWS,

        Petitioner,      :      Case No. 3:16-cv-381

  - vs -                       District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

RHONDA RICHARD, WARDEN,
 Madison Correctional Institution,

                              :

        Respondent.

## AMENDED SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Objections in the form of an Affidavit (ECF No. 4) to the Magistrate Judge's Report and Recommendations (ECF No. 3) on initial review, recommending the Petition be dismissed with prejudice. Judge Rose has recommitted the case for reconsideration in light of the Affidavit/Objections. On the same day the Supplemental Report and Recommendations were filed (ECF No. 6), Matthews filed Objections (ECF No. 7). A week later he filed an Amended Ground One (ECF No. 8). This Amended Supplemental Report and Recommendations considers all of these filings.

Matthews pleaded four grounds for relief in his Petition: ineffective assistance of trial counsel and three Fourth Amendment claims. Everything in the Affidavit/Objections, however, focuses on claims that Matthews' appellate attorney provided ineffective assistance of appellate

1

counsel. He claims attorney Jeffrey McQuiston should have made a claim that trial counsel did not provide effective assistance when he did not question the service records of the arresting officers in terms of racial differences in their random stops (ECF No. 4, PageID 28). McQuiston did, however, raise a claim regarding the drug dog's reliability, but the Second District rejected that claim because it had not been properly raised in the trial court.

The Petition in this case does not make a claim of ineffective assistance of appellate counsel, which seems to be the sole focus of the Affidavit/Objections. The Court cannot grant relief on a claim that has not been made. Matthews has now amended his Petition to include a claim of ineffective assistance of appellate counsel (ECF No. 8). However, the Court cannot grant relief on that claim because Matthews has never presented that claim to the Ohio courts. Under Ohio law a claim of ineffective assistance of appellate counsel must be presented to the appellate court that heard the case by application for reopening under Ohio R. App. P. 26(B). Matthews has never filed such an application and the time within which he could have done so under Ohio law has expired.

Moreover, the amendment is untimely. The Ohio Supreme Court declined jurisdiction in this case on September 16, 2015, and therefore Matthews initial Petition was timely. However, the statute of limitations expired September 16, 2016, and Matthews did not place his amendment in the prison mail system until October 11, 2016 (See ECF No. 8, PageID 41).

> An amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005).

The Report noted that Grounds Two, Three, and Four which all raise Fourth Amendment claims were barred by *Stone v. Powell*, 428 U.S. 465 (1976).  Matthews makes no response on that point.

**Conclusion**

The Objections are not well taken.  The Magistrate Judge therefore again respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 14, 2016.

                      s/ *Michael R. Merz*
                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the

4

assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).