# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANSON J. MATTHEWS,

        Petitioner,    :    Case No. 3:16-cv-381

 - vs -    District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

RHONDA RICHARD, WARDEN,
 Madison Correctional Institution,

    :

        Respondent.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 10) to the Magistrate Judge's Amended Supplemental Report and Recommendations (ECF No. 9). Judge Rose has again recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 11).

Matthews pleaded four grounds for relief in his Petition, ineffective assistance of trial counsel and three Fourth Amendment claims. Since the Magistrate Judge's initial Report and Recommendations, however, Mr. Matthews' sole focus has been on his ineffective assistance of appellate counsel claim related to appellate attorney Jeffrey McQuiston's failure to raise the claim of ineffective assistance of trial counsel regarding trial counsel's failure to explore the potential that Matthews was stopped by police as a result of racial profiling.

In the Amended Supplemental Report and Recommendations, the Magistrate Judge noted that this Court could not grant relief on this ineffective assistance of appellate counsel claim

1

because (1) it was procedurally defaulted by never having been raised in the state courts, and (2) Petitioner's Motion to Amend to add it to the Petition here was barred by the statute of limitations (ECF No. 9).

Matthews objects that he did raise it in his appeal to the Ohio Supreme Court which declined to accept jurisdiction.  He asserts that making the claim on appeal to the Ohio Supreme Court satisfies the requirements for pleading the claim under *State v. Murnahan*, 63 Ohio St. 3d 60 (1992)(Objections, ECF No. 10, PageID 46).  That is not the Ohio law.  In *Murnahan* the Ohio Supreme Court instructed its Rules Advisory Committee to draft a rule under which a defendant could make a claim of ineffective assistance of appellate counsel in the court of appeals.  It later adopted such a rule as Ohio R. App. P. 26(B).  "In Ohio, claims of ineffective assistance of appellate counsel are not cognizable in the normal course of post-conviction proceedings, and must be raised through an application to reopen the direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B)." *Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012). Even if the Ohio Supreme Court had taken Mr. Matthews' appeal, it would not have considered this ineffective assistance of appellate counsel claim because it had not been raised in the court of appeals.

Mr. Matthews makes no response to the proposed holding that his amendment to the Petition is barred by the statute of limitations.

**Conclusion**

It is again respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 24, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).